Matthew M. Haar, Esq. (85688)
Saul Ewing LLP
2 N. Second Street, 7th Floor
Harrisburg, PA 17101
matt.haar@saul.com – 717-257-7508

*Counsel for Defendant*
*Pennsylvania Bar Association*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAIGE MARTINEAU, et al., | : | |
| Plaintiffs, | : | |
| v. | : | No. 4:25-cv-01848-MWB |
| | : | Chief Judge Brann |
| AMERICAN BAR ASSOCIATION, Et al., | : | |
| Defendants. | : | |

**EMERGENCY MOTION BY DEFENDANT PENNSYLVANIA BAR ASSOCIATION TO STOP PLAINTIFFS' HARASSMENT AND INTIMIDATION OF PARTICIPANTS IN "WILLS FOR HEROES"**

Defendant the Pennsylvania Bar Association ("PBA"), through undersigned counsel, moves the Court for an order as requested below prior to Saturday, October 18, 2025:

1. On October 3, 2025, Plaintiffs Paige Martineau and Susquehanna Legal Aid for Adults and Youth, Inc. (SLAAY) (collectively "Plaintiffs" or

"Martineau") filed a Complaint (Doc. 1) spanning 894 paragraphs and 84 pages, single spaced, and alleging 63 separate causes of action.

2. Plaintiffs have named eighteen (18) defendants, including such institutions as the Supreme Court of Pennsylvania, the Pennsylvania General Assembly, and the United States Congress.

3. Plaintiffs' claims are far-reaching, including purporting to challenge "the unconstitutional delegation of legislative power," "to end unlawful self-regulation of the legal profession," and what Plaintiffs perceive to be "control [of] who may practice law, how courts are run, and how legal aid funds are distributed" by "bar associations, private trade groups, judicial committees and nonprofit corporations." (Doc. 1 ¶¶ 1-3)

4. Relevant to this emergency motion, Martineau has threatened to abuse her position as an attorney and plaintiff to harass and intimidate participants in PBA's Wills for Heroes program.

5. The Wills for Heroes program is a *pro bono* effort by the organized bar where volunteer attorneys participate in advertised events designed to welcome veterans and first responders and to help them prepare estate planning documents, such as wills, powers of attorneys and "living wills."

6. Because of prior threats of litigation against the PBA, volunteer attorneys and participants in the Wills for Heroes program, by email dated July 30,

2025, William R. Christman, III, Esq. ("Christman"), Deputy Executive Director & General Counsel for the PBA, directed Plaintiffs that they would not be permitted to participate in any PBA Wills for Heroes events. A copy of the July 30, 2025 email is attached hereto as Exhibit A.

7. The July 30 email also instructed Martineau, who is an attorney, not to contact any PBA employees, as they are represented by Attorney Christman in relation to Martineau's claims.

8. Pennsylvania Rule of Professional Conduct 4.2 prohibits an attorney from contacting persons represented by counsel. The Rule provides that "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

9. Local Rule 83.23.2 incorporates the Pennsylvania Rules of Professional Conduct into this District's Standards for Professional Conduct.

10. Since the July 30 directive from Attorney Christman, Martineau has continued to directly contact PBA employees, in violation of the Standards of Professional Conduct.

11. More recently, Plaintiffs have threatened to interfere with PBA's Wills for Heroes events scheduled for locations throughout the Commonwealth.

12. The PBA had a Wills for Heroes event scheduled for Saturday, October 11, 2025 in Lock Haven, Pennsylvania.

13. By email dated Thursday, October 9, 2025, Martineau told Christman that Plaintiffs would attend the event in Lock Haven, and "every volunteer, veteran and first responder will be subpoenaed in our case." A copy of the October 9, 2025 email (including press release) is attached hereto as Exhibit B.

14. Martineau further threatened in her October 9 email that "I will be there [in Lock Haven] and if PBA does not profusely praise and thank SLAAY as a sponsor, I will be calling law enforcement to make a report for theft by deception and everyone will be listed as a witness in the criminal case as well."

15. Martineau's threats to subpoena Wills for Heroes participants and call law enforcement to report theft by deception are without a legitimate basis, and are designed solely to vex and harass the PBA, its employees, volunteer attorneys, and veterans and first responders.

16. In response to Martineau's threats, by email dated October 10, 2025, Christman directed Martineau as follows:

> You are hereby directed to cease and desist immediately from:
>
> 1. Communicating directly or indirectly with PBA staff, officers, volunteers, or affiliated participants in any PBA program, including Wills for Heroes;

> 2. Distributing or publishing any further statements—by email, social media, or otherwise—purporting to speak on behalf of or about the PBA, its employees, or its programs; and
>
> 3. Representing, expressly or implicitly, that you or your organization, SLAAY, are affiliated with, sponsoring, or participating in any PBA or Wills for Heroes event.
>
> You and SLAAY are not authorized to participate in any PBA-sponsored programs or events. Should you appear at any such event or otherwise attempt to interfere with PBA operations, you will be asked to leave, and law enforcement will be contacted as appropriate.

A copy of the October 10, 2025 email is attached hereto as Exhibit C.

17. Out of concern for Wills for Heroes participants, and in response to Martineau's threats to PBA and others, the October 11, 2025 Wills for Heroes event in Lock Haven was cancelled.

18. PBA has a Wills for Heroes event scheduled for <u>Saturday, October 18, 2025</u> in Doylestown, Pennsylvania. PBA has Wills for Heroes events scheduled most weekends through the remainder of the year. The current Wills for Heroes schedule is available at https://www.pabar.org/site/For-Public/Wills-for-Heroes.

19. In an October 10, 2025 email, Martineau has threatened to attend the Doylestown event and "every event on the schedule." A copy of the October 10, 2025 email is attached hereto as Exhibit D.

20. In the email, Martineau again threatens to "call the police and file a report for theft by deception," subpoena "all who attend" and "gather everyone's name and license plate."

21. Similarly, in an email dated October 11, 2024, Martineau threatened that "all attendees, veterans and volunteers, of upcoming programs, including the one scheduled for Doylestown on October 17 [sic], 2025, will have their names and addresses published to the docket at 4:25-cv-1848." A copy of the October 11, 2025 email is attached hereto as Exhibit E.

22. Given the threats by Martineau, the PBA must give serious consideration to postponing indefinitely the Doylestown Wills for Heroes event, and subsequent Wills for Heroes events, to protect the volunteers, veterans and first responders who would attend.

23. The Court has the inherent power to govern the conduct of counsel and parties appearing before it in litigation.

24. While PBA believes that Plaintiffs' claims are patently frivolous, the Court will have to address those claims through motion practice and briefing.

25. In the interim, the Court should control the actions of counsel and parties, and specifically in this instance prohibit Martineau from harassing PBA employees and Wills for Heroes participants.

26. There is broad public benefit in having Wills for Heroes events proceed without the need for participants to fear harassment and intimidation at the hands of Martineau to further her claims in the Complaint. Wills for Heroes events provide valuable estate planning advice and assistance to our Commonwealth's veterans and first responders. The PBA should not have to contemplate cancelling events due to the outrageous conduct of Martineau.

WHEREFORE, Defendant the Pennsylvania Bar Association respectfully requests that the Court take the following actions:

1) on or before Friday, October 17, 2025, conduct an on-the-record argument;

2) issue an Order granting this motion and proscribing Martineau from engaging in behavior prohibited by the Rules of Professional Conduct and that is an improper tactic designed to advance her claims in this litigation;

3) thereafter if necessary conduct an on-the-record hearing to take testimony and receive evidence regarding Martineau's improper actions so that those actions can be prohibited by court order throughout this litigation;

4) prohibit Plaintiffs from contacting any employees of the Pennsylvania Bar Association other than through undersigned counsel;

5) prohibit Plaintiffs from filing on the public docket any personally identifying information about Wills for Heroes participants, including but not limited to names and license plate numbers;

6) prohibit Plaintiffs from issuing subpoenas to any Wills for Heroes participants, pending further order of Court; and

7) grant such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: October 15, 2025

*<u>/s/ Matthew M. Haar</u>*
Matthew M. Haar, Esq. (85688)
Saul Ewing LLP
2 N. Second Street, 7th Floor
Harrisburg, PA 17101
matt.haar@saul.com – 717-257-7508

*Counsel for Defendant*
*Pennsylvania Bar Association*

## **CERTIFICATE OF ATTEMPT AT CONCURRENCE**

Undersigned counsel is contemporaneously serving a copy of this Motion on Plaintiffs' counsel, given the urgent nature of the request. Undersigned counsel will promptly advise the Court of any correspondence from Plaintiffs' counsel about concurrence.

Dated: October 15, 2025

*/s/ Matthew M. Haar*
Matthew M. Haar

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2025, I served a true and correct copy of the foregoing Emergency Motion upon the following person by ECF Filing and email:

Paige J. Martineau, Esq.
647 East Third Street
Williamsport, PA 17701
paigemartineau@slaay.org

*Counsel for Plaintiffs*

Plaintiffs' Complaint (Doc. 1) did not provide addresses or contact information for any other Defendants.

Dated: October 15, 2025

*/s/ Matthew M. Haar*
Matthew M. Haar

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAIGE MARTINEAU, et al., | : | |
| Plaintiffs, | : | |
| v. | : | No. 4:25-cv-01848-MWB |
| | : | Chief Judge Brann |
| AMERICAN BAR ASSOCIATION, Et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of October, 2025, upon consideration of the Emergency Motion by Defendant Pennsylvania Bar Association to Stop Plaintiffs' Harassment and Intimidation of Participants in "Wills for Heroes," and the documents and arguments submitted in referenced thereto, the Motion is hereby GRANTED.

IT IS FURTHER ORDERED that:

1) Plaintiffs are prohibited from contacting any employees of the Pennsylvania Bar Association other than through counsel of record;

2) Plaintiffs are prohibited from filing on the public docket any personally identifying information about Wills for Heroes participants, including but not limited to names and license plate numbers; and



56553111.1

3) Plaintiffs are prohibited from issuing subpoenas to any Wills for Heroes participants, pending further order of Court.

BY THE COURT

______________________________
Matthew W. Brann
Chief United States District Judge