## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAIGE MARTINEAU, *et al.*,

        Plaintiffs,

    v.

AMERICAN BAR ASSOCIATION, *et al.*,

        Defendants.

No. 4:25-CV-01848

(Chief Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 15, 2025

## I.    BACKGROUND

Plaintiff filed a sixty-three-count complaint against nineteen defendants on October 3, 2025. Since then, Plaintiff has filed ten motions. This Court has the duty and obligation to apply the federal rules of civil procedure. To meet that obligation, the Court will dismiss the Plaintiff's Complaint without prejudice. Additionally, for the reasons stated below, all ten of Plaintiff's motions are denied.

## II.    RULE 8

Federal Rule of Criminal Procedure 8(a)(2) states that a complaint *must* include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." Taken together, these two statements provide the general rule that any complaint submitted to a federal court must include "simple, concise, and

direct" allegations that state "a short and plain statement of the claim." This Rule applies to each and every pleading filed in federal court, regardless of "the identity of the parties, the skill or reputation of the counsel, the urgency or importance (real or imagined) of the dispute, or any public interest at issue in the dispute."[1]

In the instant case, a Pennsylvania attorney and her employer bring a 63-count complaint against nineteen defendants. Those defendants run the gambit from state and federal judges to state and local bar associations to the United States Congress. The claims are as diverse as the defendants, with counts related to contracts, First Amendment, and nondelegation issues—to name only a few. All of these are pled in a complaint that overflows onto 84 pages. Despite this mammoth complaint, the statement of facts peters out after only two pages, with each of the seventy-six pages of description including small tidbits of allegations mixed in with pure legal conclusions.

Even if this Court were to apply the most lenient application of Rule 8, the complaint would fail as impermissible according to the text of the rule. "[A] complaint remains an improper and impermissible place for the tedious and burdensome aggregation of prospective evidence, for the rehearsal of tendentious arguments, or for the protracted recitation and explanation of legal authority

---

[1] *Trump v. New York. Times Co.*, No. 8:25-cv-2487-SDM-NHA, 2025 WL 2680597, at *1 (M.D. Fla. Sept. 19, 2025).

putatively supporting the pleader's claim for relief."[2] A complaint is not "a platform to rage against" enemies or adversaries and it is not a forum to air mere grievances about the general difficulties of the world.[3] A complaint is simply a device "to fairly, precisely, directly, soberly, and economically inform the defendants — in a professionally constrained manner consistent with the dignity of the adversarial process in an Article III court of the United States — of the nature and content of the claims."[4] It is, as previously stated, a simple, concise, and direct statement of allegations that come together to mold a plausible claim.

Aside from the fact that it seems unlikely that any defendant could reasonably be expected to respond to this complaint's general allegations of pure legal conclusions and tidbits of unrelated facts, this complaint extends far past a simple, concise, or direct statement of allegations. A complaint cannot merely recite every instance of alleged misgivings that a plaintiff has against a given defendant. Each allegation must be directly related to a given claim. When each allegation merely names a general qualm or complaint about the world—or asserts a bare legal conclusion devoid of any factual allegations to support it—the complaint stands

---

[2]    *Id.* at *3-4.

[3]    *Id.* at *4. When Plaintiff describes her "withheld recognition" and distribution of legal aid funding "without objective standards," she is airing grievances and complaining about the world. *See, e.g.*, Doc. 7 ¶¶ 60, 285.

[4]    *Trump*, 2025 WL 2680597, at *4.

directly obtuse to the tenants of Rule 8. That description fits the complaint in this case to a tee.

As such, the complaint is dismissed without prejudice. Plaintiff may amend her complaint within twenty-eight days. The amended complaint must not exceed forty pages, excluding only the caption, signature, and any attachments.

## III.    LOCAL RULES

Additionally, prior to submitting the amended complaint or any additional motion in this matter, the Court urges the Plaintiff to review the United States District Court for the Middle District of Pennsylvania Rules of Court. In particular, the Court wishes to note that Local Rule 7.1 requires a certification of concurrence or nonconcurrence to be filed alongside any motion.[5] Additionally, Local Rule 7.5 requires the proponent of a motion to file a separate filing—a brief in support— within fourteen days after filing the motion. Because none of the eight motions— excluding the motion for a temporary restraining order which is discussed in the following section—that have currently been filed in this case abide by these rules, all eight motions are denied without prejudice.

---

[5]    Absent the imposition of an order by the Court stating that a certificate of concurrence is not required—e.g. in the case where a protective order is in place—filing any motion or making any claim of the potential ills of talking to opposing counsel is insufficient to avoid the requirements of Local Rule 7.1.

## IV.    MOTION FOR A TEMPORARY RESTRAINING ORDER

A party seeking a temporary restraining order must establish four factors: "(1) a likelihood of success on the merits, (2) the probability of irreparable harm if the relief is not granted, (3) that granting injunctive relief will not result in even greater harm to the other party, and (4) that granting relief will be in the public interest."[6] Courts use a balancing test to determine whether injunctive relief is warranted.[7] The movant bears the burden of establishing all four elements.[8]

It is not necessary to delve into each element of this test to see if Plaintiff has successfully established them because it is glaringly apparent that Plaintiff has failed to establish the second element.[9]

The irreparable harm required for this factor must be likely, not a mere possibility.[10] In her fifteen-page motion, Plaintiff spent less than three pages

---

[6]  *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (citing *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3rd Cir.1988)).

[7]  *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975).

[8]  *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 486 (3d Cir. 2000).

[9]  The Court notes that even if it had done an extensive analysis of each factor, the Plaintiff would have been found to have failed to establish all four. Based on the small amount of argument in the motion, it is doubtful that the Plaintiff has even made out a prima facie case of any violation to warrant a finding of a likelihood of success on the merits. Further, Plaintiff asks for an inordinate quantity and unusual type of relief. She is not simply asking for someone to cease some action or to permit her to do something. No, she is asking for a suspension of all Legal Aid funding nationally, for a suspension of the rules of professional conduct and civil/criminal procedure, an establishment of an annual award, a welcome-back reception and banquet for Plaintiff, and the issuing of public praise by several people and organizations including two sitting state court judges. And those are just a few of the noteworthy requests for relief. This expansive request makes it certain that granting injunctive relief would result in greater harm to the other parties. Finally, the extraordinary relief requested means that this Court would not find that granting the relief would be in the public interest.

[10]  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

developing any "argument" in favor of her motion. The remaining twelve pages were summarizing her requested relief. While the Court acknowledges that a compelling argument could be made to grant a temporary restraining order in three pages, that patently did not occur here. Claiming that there are "systemic violations of the Constitution through unlawful delegations of legislative power and coordinated retaliation" without describing what the violations actually are is insufficient to establish a probability of irreparable harm.[11] Plaintiff further makes an unsupported claim that she was threatened with an unjust arrest.[12] But an allegation of threatened arrest has been found to not satisfy the irreparable harm requirement; and the motion in that case contained significantly more relevant details than were provided here.[13] There is no further arguments set forth in the motion supporting a finding of likely irreparable harm, and as such, no such finding will be made by this Court. Because of the Plaintiff's failure to establish at least one of the required elements, Plaintiff's motion for a temporary restraining order is denied.[14]

---

[11] *See* Doc. 3 ¶ 21.

[12] *Id.* ¶ 2.

[13] *See Sheliga v. Borough of Windber*, No. 23-2998, 2024 WL 5088109 (3d Cir. Dec. 12, 2024).

[14] Because "[t]he standards for a temporary restraining order are the same as those for a preliminary injunction," Plaintiff's failure to satisfy the elements of her claim for a temporary restraining order also dooms her claim for a preliminary injunction. *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (internal citation omitted). As such, the entire Motion for Temporary Restraining Order and Preliminary Injunction is denied.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice. Plaintiff will have twenty-eight days to file an amended complaint that complies with Rule 8. The amended complaint must not exceed forty pages, excluding only the caption, signature, and any attachments. Additionally, all ten motions that were filed by Plaintiff that are currently pending are dismissed.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge