# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SLAAY (SUSQUEHANNA LEGAL AID FOR ADULTS AND YOUTH), et al.<br>Plaintiff/movant,<br><br>v.<br><br>AMERICA BAR ASSOCIATION, et al,<br><br>Defendants | CASE NO. 4:25-cv-01848-MWB<br><br>PLAINTIFFS' MOTION FOR SANCTIONS AGAINST THE PBA<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF MOVES FOR SANCTIONS UNDER RULE 11 AND 28 USC 1927 AS FOLLOWS:

1. Plaintiff has not conferred with the opposing side because Local Rule, especially, requirements to confer with the opposing side, which violate the First Amendment's prohibition on compelled speech are unconstitutional.

2. On October 15, 2025, the PBA submitted frivolous, unlawful filings in this case which violate Rule 11 for lacking basis in fact and law, and under 28 USC 1927 for vexatiously increasing the proceedings.

3. In Pennsylvania, anyone can talk to anyone.

4. When someone is beaten with a baseball bat, and receives endless threats of violence, they are not allowed to get a no-harassment or no-contact order unless the person harassing them is related to them.

5. The PBA has failed to allege Martineau has a familial relationship with anyone at the PBA, so filing for a protective order, when it does not qualify for same under PA law, is frivolous and without investigation.

6. The PBA wrote rule 4.2, which states that "this rule does not prevent parties from contacting other parties."

7. The Rules are only 101 pages long.

8. The PBA has misquoted the rule.

9. There is no law or rule that would allow the PBA to seek the relief it has requested, especially when SLAAY is about to produce 200 emails, showing

ten different meetings between PBA staff and SLAAY as Wills for Heroes sponsors.

10. The PBA has clearly not reviewed its own emails, and SLAAY will attempt to get its own motion regarding the PBA and those motions filed this week, so that the Court can see for itself.

11. Plaintiff is entitled to attorney fees, a finding that the PBA has violated its own Rule 4.2, and that the PBA's unethical and unprofessional conduct on October 15, 2025 can be used to argue that the PBA does not have more expertise than the public at reading the rules.

12. Regardless, sanctions are appropriate because the PBA has requested relief that is the opposite of what PA law would allow.

13. Pursuant to Middle District of Pennsylvania Local Rule 7.9, Plaintiffs request oral argument on this motion.

14. Pursuant to Middle District of Pennsylvania Local Rule 7.1, Plaintiff's counsel Paige Martineau has not communicated with opposing counsel because Plaintiffs have requested a protective Order prior to serving the complaint. Defendants have repeatedly threatened to harm Plaintiffs if

Plaintiffs bring these claims or do not stop raising concerns publicly. The Rule is also unconstitutional.

Dated: October 16, 2025.

s/Paige Martineau, Esq.
Paige Martineau, Esq.
Executive Director
SLAAY (Susquehanna Legal Aid for Adults and Youth)
647 East Third Street
Williamsport, PA 17701
570-392-3025
paigemartineau@slaay.org