# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIGE MARTINEAU, *et al.*, | No. 4:25-CV-01848 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| AMERICAN BAR ASSOCIATION, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### OCTOBER 17, 2025

On October 15, 2025, Defendant Pennsylvania Bar Association ("PBA") filed an emergency motion to stop Plaintiff's harassment and intimidation of participants in "Wills for Heros."[1] While Plaintiffs have not filed a brief in opposition to this motion, they have filed a motion for sanctions in reference to the motion.[2] In that motion, the Plaintiffs did not argue that any of the facts contained in PBA's motion were in dispute, nor did they provide any factual allegations of their own.[3] Rather, Plaintiffs provide a purely legal argument in support of its

---

[1]  Doc. 16.

[2]  Doc. 23. District courts in the United States Court of Appeals for the Third Circuit have found that subsequent motions in cases can be treated as responses to previous motions, even if styled by litigants as a wholly separate motion. *See, e.g.*, *Burgos v. City of Philadelphia*, 270 F. Supp. 3d 788, 798 (E.D. Pa. 2017). As such, this Court will treat the Motion for Sanctions as both a response to PBA's motion and as a separate request for sanctions.

[3]  *See* Doc 23.

motion for sanctions.[4] Given that the Federal Rules of Civil Procedure allow for a determination of motions without a hearing,[5] both parties have fully laid out their arguments, and the emergency nature of this matter,[6] it is prudent to determine the validity of this emergency motion at this time.

This Court has an "obligation to regulate the conduct of the attorneys and parties who appear before it."[7] That obligation provides the Court with the "power to impose order, respect, decorum, silence, and compliance with lawful mandates."[8] The authority also "include[s] the ability to do whatever is reasonably necessary to deter abuse of the judicial process."[9] Further, stemming from that authority, the Middle District of Pennsylvania has adopted the Pennsylvania Rules of Professional Conduct to assist in the regulation of conduct before the courts in this district.[10] One of those Pennsylvania Rules of Professional Conduct, Rule 4.2,[11] states that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented

---

[4]   *Id.* at ¶ 9.

[5]   FED. R. OF CIV. P. 78(b); *see also Skehan v. Bd. of Trs.*, 669 F.2d 142, 155 (3d Cir. 1982).

[6]   PBA has alleged that it already has canceled one of its pro bono events due to Plaintiffs' actions and is likely to cancel additional events if such action does not stop. Doc. 16 at ¶¶ 17, 22.

[7]   *In re Theokary*, 592 F. App'x 102, 106 (3d Cir. 2015); *see also Thomas v. Keystone Real Est. Grp. LP*, No. 4:14-CV-00543, 2015 WL 1471273, at *8 (M.D. Pa. Mar. 31, 2015).

[8]   *Thomas*, 2015 WL 1471273, at *8; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

[9]   *In re Theokary*, 592 F. App'x at 106 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court readily acknowledges that this power is not to be wielded freely and is to be utilized "with great caution." *Chambers*, 501 U.S. at 43.

[10]   U.S. DIST. CT. FOR THE M.D. OF PA. RS. OF CT. R. 83.23.2.

[11]   This rule is identical to MODEL CODE OF PROF'L CONDUCT R. 4.2.

by another lawyer in the matter . . . ."[12] Federal courts around the country often

utilize rules of professional conduct just like Rule 4.2 in determining how to rule

on motions.[13]

The Plaintiffs are both the lawyer and parties on their side of this case. As

such, the Court has an obligation to regulate their behavior in regard to this case.

This is especially true when that behavior threatens an abuse of the judicial

process. Plaintiffs, on at least two occasions, have threatened to utilize the

subpoena process in this case to deter Defendant PBA from holding its weekly

Wills for Heros pro bono event.[14] This shows a clear disrespect for judicial

process. Given Plaintiffs' insistence on utilizing a judicial process to deter conduct

by Defendant PBA, the Court believes that it is necessary to prohibit such a use by

Plaintiffs or a secondary use of information gathered in the subpoena process—

filing in this Court personally identifying information of event participants.

Further, Plaintiff Martineau is a barred attorney in this state and should be

aware of the commonly known rule that lawyers are not permitted to contact

opposing parties' clients without the opposing counsel's presence or permission.[15]

Because Plaintiff Martineau has blatantly, and repeatedly, disregarded this rule, the

---

[12] PA. R. OF PROF'L CONDUCT R. 4.

[13] *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Sanders*, 975 F. Supp. 2d 509 (E.D. Pa. 2013).

[14] *See* Doc 16, Exs. B, D.

[15] Plaintiffs' contention that such limitations on contact are only justified in Pennsylvania when the parties are related is without merit and without any basis in the law. See Doc. 23 at ¶¶ 4-5.

Court also believes that it is necessary to order Plaintiffs to refrain from contacting the employees of any named Defendant in this case, including PBA, when the Defendant's Ccunsel is not present or has not consented to such contact.

Plaintiffs' sole contention in their motion for sanctions was that no legal relief that could possibly be granted under PBA's emergency motion. Given that I now find that such relief can be granted pursuant to this Court's power to regulate parties and lawyers in its cases, Plaintiffs' motion for sanctions must be dismissed.

Therefore, **IT IS HEREBY ORDERED** that:

1.   Defendant Pennsylvania Bar Association's Emergency Motion to Stop Plaintiff's Harassment and Intimidation of Participants in "Wills for Heroes" — Doc. 16—is **GRANTED**;

    a.   Plaintiffs are prohibited from contacting any employees of a named Defendant in this case other than through counsel of record;

    b.   Plaintiffs are prohibited from filing on the public docket any personally identifying information about Wills for Heroes participants, including but not limited to names and license plate numbers;

    c.   Plaintiffs are prohibited from issuing subpoenas to any Wills for Heroes participants, pending further order of Court.

2.    Plaintiffs' Motion for Sanctions—Doc. 23—is **DENIED.**

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge