# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIGE MARTINEAU, *et al.*, | No. 4:25-CV-01848 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| AMERICAN BAR ASSOCIATION, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### OCTOBER 17, 2025

In their efforts to comply with the Court's previous dismissal of their complaint, on October 16, 2025, Plaintiffs filled a second amended complaint in this case. While Plaintiffs successfully followed this Court's October 15, 2025 Order requiring them to abide by a 40 page limit, the second amended complaint still does not comply with Federal Rule of Civil Procedure 8. The Court urges Plaintiffs to look at the substance of the Memorandum Opinion dismissing the case on October 15. A complaint is not a platform to rage against enemies and it is not a forum to air grievances about the general difficulties of the world. Further, it is an improper forum to continuously repeat legal arguments under multiple counts without providing any factual allegations to support them.[1] Again, a complaint is a

---

[1] With eighteen pages and twenty-three counts of the Second Amended Complaint committed to repeating an identical legal argument under every count without a single factual allegation

simple, concise, and direct statement of allegations that come together to mold a plausible claim. In a further amended complaint, the Plaintiffs must provide relevant factual allegations for each cause of action that allow the Defendants to respond and that plausibly state each of the sixty-three claims.

Therefore, **IT IS HEREBY ORDERED** that Plaintiffs' Second Amended Complaint—Doc. 20—is **DISMISSED** without prejudice. Plaintiffs will have until November 13, 2025 to file an amended complaint that complies with Rule 8 and does not exceed 40 pages. If Plaintiffs submit another amended complaint that does not comply with Rule 8, the Court will assume that Plaintiffs are unable to submit such a permissible complaint and the case will be dismissed with prejudice.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

included to support the claims, it appears Plaintiff is doing just that. Further, it is difficult to discern a single factual allegation present in the complaint after Cause of Action 10, on page 10—even before this, the factual allegations that appear are few and far between.