# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIGE MARTINEAU, *et al.*, | No. 4:25-CV-01848 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| AMERICAN BAR ASSOCIATION, *et al.*, | |
| Defendants. | |

## ORDER

### DECEMBER 5, 2025

On October 16, 2025, Plaintiffs filled a notice that they were appealing orders that dismissed various motions for preliminary injunctions in this matter.[1] On November 17, 2025, they filed an amended notice of appeal that extended their appeal to "all Orders entered in this case."[2]

When a notice of appeal is filed it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[3] Further, the decision of implementing a stay "is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket."[4]

---

[1] Doc. 22.
[2] Doc. 32.
[3] *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).
[4] *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).

Given that the Plaintiffs are appealing every aspect of the Court's previous Orders—including its dismissal without prejudice of their original and amended complaints—the Court does not believe it has jurisdiction over motions now before the Court. In order to conserve judicial resources and prevent litigants from spending time drafting and filing further pleadings or motions that the Court may not have jurisdiction to presently decide, the Court enters this Order to stay all proceedings in this case.[5]

Therefore, **IT IS HEREBY ORDERED** that this matter is **STAYED** pending the disposition of the pending appeal.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[5] Importantly, this means that the clock determining a deadline to respond to an amended complaint is tolled until this stay is lifted. It is prudent to allow the appeal to elucidate what complaint will be governing in this case. If a stay were not entered, the Court would be in the position of requiring the filing of answers to an amended complaint that there is a small chance could be found void. The Court will not order such superfluous work for the litigants.